IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,

     Plaintiff,                    No. CIV S-05-2386 DFL DAD P

    vs.

RODERICK HICKMAN, et al.,

     Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court will accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court will also construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff is a state prisoner confined in Salinas Valley State Prison. Plaintiff has sued Roderick Hickman as Secretary of the California Department of Corrections and Rehabilitation (CDCR), and Jeanne Woodford as Undersecretary of the CDCR. The caption of the complaint identifies the plaintiff as "Sam Consiglio, et al." In his statement of claim, plaintiff asserts that this action "affects several thousand inmates" and "should be allowed to proceed as a class action." (Compl. at 4.)

Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class

representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). It does not appear that plaintiff can "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action may not proceed as a class action and will be construed as an individual civil suit brought by plaintiff.

Plaintiff's complaint is dated November 22, 2005. Plaintiff asserts that he should be released on December 29, 2005, if he is going to be subjected to three years of parole after he is released. According to plaintiff, his current release date is December 29, 2008, and on that date he "will have served his entire statutory maximum sentence of 33 years, and no more time can legally be added." (Compl. at 3.) Plaintiff contends that the defendants and their agents follow illegal and unconstitutional policies pursuant to which they force prisoners to serve illegal terms of parole after the prisoners have fully served their sentences. (Id. at 4.) Citing Morrissey v. Brewer, California Penal Code § 3000, and Black's Law Dictionary, plaintiff argues that "parole" means "an early release from prison before the sentence is served in its entirety." (Id.) Plaintiff states his prayer for relief as follows:

> Plaintiff seeks an injunction compelling Defendants to follow the legal definition for parole as outlined in Morrissey v. Brewer, P.C. 3000, and Black's Law Dictionary, and order plaintiff's release on parole on 12/29/05 if he is to serve 3 years on parole. If plaintiff is forced to remain in prison illegally for another 3 years, he must be exempt from parole.

(Id. at 3.) Except for his conclusory allegation that he will have served "his entire statutory maximum sentence" as of December 29, 2008, plaintiff alleges no facts concerning his conviction and sentence.

Plaintiff asserts that the decision in Wilkinson v. Dotson authorizes him to pursue his claims in a § 1983 action "because of the liberty interest involved." In that case, the Supreme Court held that the prisoner plaintiffs could challenge the constitutionality of Ohio's state parole procedures in an action under § 1983 seeking declaratory and injunctive relief and were not

3

limited to relief exclusively under the federal habeas corpus statutes. Wilkinson v. Dotson 544 U.S. 74, 76 (2005). The prisoners sought to invalidate state procedures used to deny parole eligibility but did not seek their own immediate or speedier release from prison. Id. at 82. The Court found that the prisoners' claims did not lie at the core of habeas corpus because the claims would not necessarily spell speedier release. Id. The Court affirmed, however, that a prisoner cannot use a § 1983 action to challenge the very fact or duration of his confinement. Id. at 81-82.

In the present case, it does not appear that success in this action would necessarily demonstrate the invalidity of plaintiff's current confinement or its duration, as plaintiff alleges that his term of imprisonment will not end until December 29, 2008. While plaintiff hopes to prevail on his challenge to a term of parole that he believes will be imposed on December 30, 2008, he does not seek to invalidate the judgment that authorizes his current confinement in prison or his current term of imprisonment.

The authorities cited by plaintiff do not demonstrate that the defendants have an unconstitutional policy of forcing state prisoners to serve illegal terms of parole. The law dictionary defines "parole" as "[t]he release of a prisoner from imprisonment before the full sentence has been served." Black's Law Dictionary 1139 (7th ed. 1999). In Morrissey v. Brewer, two Iowa state prisoners who were not accorded hearings in their parole revocation proceedings presented the Supreme Court with the question of what process is due in such proceedings. 408 U.S. 471 (1972). Before determining that hearings are required in parole revocation proceedings, the Court reflected on the function of parole in the correctional system, describing "the practice of releasing prisoners on parole before the end of their sentences" as an integral part of the penological system and "an established variation on imprisonment of convicted criminals" intended to help prisoners "reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed." Id. at 477. The Court noted that "[t]he essence of parole is release from prison, before the completion of sentence." Id. at 477-78.

The key word in both the dictionary definition of "parole" and in the Supreme Court's discussion in Morrissey is not the word "parole" but the word "sentence," defined in the law dictionary as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." Black's Law Dictionary 1367 (7th ed. 1999). The word "sentence" encompasses all forms of punishment, from fines to imprisonment to the death penalty. A sentence often includes multiple forms of punishment.

In California, the statute cited by plaintiff makes parole mandatory in almost all cases in which the criminal defendant is sentenced to a term of imprisonment. See Cal. Penal Code § 3000(a)(1). The period of parole is part of the defendant's sentence, and the length of time the defendant may be kept on parole after serving a prison term is governed by the provisions of § 3000. People v. Jefferson, 21 Cal. 4th 86, 95-96, 980 P.2d 441, 447, 86 Cal. Rptr. 2d 893, 899 (1999) (stating that "the prison 'term' is the actual time served in prison *before* release on parole, and the day of release on parole marks the *end* of the prison term"). These principles, i.e., that (1) a period of parole is not part of the defendant's prison "term" and (2) the length of time a defendant may be retained on parole is measured by the statute, are applicable to determinate sentences and to indeterminate sentences of life imprisonment with the possibility of parole. 21 Cal. 4th at 96, 980 P.2d at 447, 86 Cal. Rptr. at 899. See also People v. Britton, 156 Cal. App. 3d 689, 202 Cal. Rptr. 882 (1984) (stating that enactment of the law making parole mandatory in almost all cases was in essence a finding that parole is a separate term to be served after the initial term of imprisonment has been completed).

In the present case, it appears that 33 years is not plaintiff's "maximum sentence," as he puts it, but rather his maximum prison term, to be followed by any parole term mandated by California Penal Code § 3000. If so, plaintiff's parole term will not be inconsistent with the dictionary definition of parole or the discussion of parole in Morrissey, because plaintiff will be released from imprisonment before his full sentence, which includes both a term of imprisonment and a term of parole, has been served. See Britton v. Woodford, No. CIV S-04-0472 LKK GGH

5

P, 2006 WL 278579, at *4-5 (E.D. Cal. Feb. 2, 2006) (recommending, in findings and recommendations adopted on March 28, 2006, that the defendants' motion to dismiss for failure to state a claim be granted where the plaintiff challenged the constitutionality of California's statutorily mandated period of parole following a fully served term of imprisonment); Crosby v. Woodford, No. CIV S-03-2634 LKK GGH P, 2006 WL 190827, at *4 & n.10 (E.D. Cal. Jan. 23, 2006) (recommending, in findings and recommendations adopted on March 21, 2006, that the defendants' motion to dismiss be granted where the plaintiff sought immediate release on the ground that California's statutory parole scheme is unconstitutional and commenting that "[p]laintiff's conceptual miscue here on the merits is that he does not view parole as part of his criminal sentence. It certainly is."); Gonzales v. Brown, No. C05-1167 SI (PR), 2005 WL 3310019, at *3-4 (N.D. Cal. Dec. 7, 2005) (denying habeas relief where the petitioner contended that he was being kept in custody unlawfully after completing his prison term and all available parole violation terms).

The complaint before the court does not allege facts demonstrating that the defendants intend to apply an unconstitutional or illegal parole policy to plaintiff. It does not appear that plaintiff can amend his pleading to state a § 1983 claim upon which relief may be granted. Plaintiff's in forma pauperis application should be denied and the complaint should be dismissed with prejudice. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice as legally frivolous and for failure to state a civil rights claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections

1  to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2  objections within the specified time may, under certain circumstances, waive the right to appeal
3  the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: November 7, 2006.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
cons2386.56