IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO,<br><br>        Plaintiff,<br><br>vs.<br><br>RODERICK HICKMAN, et al.,<br><br>        Defendants. | Case No. 2:05-cv-02386 JKS DAD P<br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Specifically, Plaintiff seeks a declaration that upon expiration of Plaintiff's current term of physical imprisonment the state may not impose upon him a period of parole.[1]  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.  On November 8, 2006, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections to the findings and recommendations.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of this case.

---

[1] While Plaintiff clearly hopes that such a declaration will lead to an early release from physical custody, it will not necessarily do so.  Plaintiff essentially argues that the state may not impose a period of post-incarceration parole upon him if he serves thirty-three years in physical custody because his "term" was capped at thirty-three years.  Thus, if he were successful, Plaintiff hopes the state would choose to release him early on parole rather than having him serve the full sentence in custody and forgo any post-custodial parole.  The § 1983 remedy sought by Plaintiff is thus not displaced by habeas corpus.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

1

The magistrate judge screened Plaintiff's complaint and found legally frivolous Plaintiff's argument that he could not be required to serve three years of parole in addition to the statutory maximum of thirty-three years of imprisonment. Plaintiff's objects, arguing essentially that the magistrate judge was incorrect in his finding that parole and imprisonment are separate parts of the punishment imposed by the sentencing court. The magistrate judge is correct that parole and imprisonment are separate components of a sentence under the Determinate Sentencing Law ("DSL"). *See People v. Jefferson*, 21 Cal. 4th 86, 95-96 (1999). This Court thus agrees that Plaintiff's complaint, in its current form, fails to allege facts sufficient to state a claim.

However, the Court does not agree that Plaintiff cannot possibly amend his complaint to state a claim under § 1983. *Jefferson's* discussion recognized that prior to the enactment of the DSL in 1977, the "term" was not just the period of physical incarceration, but included parole. *Jefferson*, 21 Cal. 4th at 95 (quoting April K. Cassou & Brian Taugher, *Determinate Sentencing in California: The New Numbers Game*, 9 Pac. L.J. 5, 28 (1978)). Thus, if Plaintiff was sentenced under the Indeterminate Sentencing Law ("ISL"), it is possible he could make out a claim. *See also In re Thomson*, 104 Cal. App. 3d 950, 953-54 (Cal. Ct. App. 1980) (holding that the 1978 amendment to Cal. Penal Code § 3000(b) extending the term of parole for ISL prisoners from one year to three years was not retroactive, and even if it was, it would be an ex post facto violation). As Plaintiff alleges to have served nearly 33 years, it is possible he was sentenced under the ISL. Consequently, the Court will adopt the findings and recommendations only to the extent they are consistent with this Order, and will give Plaintiff an opportunity to amend his complaint.

If Plaintiff amends his complaint, he must allege facts demonstrating how each Defendant's acts or omissions resulted in a deprivation of a constitutional right. *See Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations). There can be no liability under 42 U.S.C. § 1983 absent an affirmative link between a defendant's actions and the claimed deprivation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official

ORDER

participation in civil rights violations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's amended complaint must be complete in itself without reference to the original pleading.  *See* Local Rule 15-220.  The original complaint will be superseded by the amended complaint.  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In the amended complaint, as if it were the first complaint filed in this action, Plaintiff must allege all claims and the involvement of all Defendants in accordance with this Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed November 8, 2006, are adopted only to the extent they are not inconsistent with this Order;

2. The Plaintiff's Complaint at Docket No. 1 is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this Order; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint that complies with this Order will result in this action being dismissed for failure to state a claim.

Dated this the 7th day of March 2008.

                                                    /s/ James K. Singleton, Jr.
                                                    **JAMES K. SINGLETON, JR.**
                                                    United States District Judge